IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL ANTONELLI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-05-15-HE |
| | ) | |
| T. C. PETERSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on Respondent's failure to place him in a drug education and treatment program. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a response[1] to the petition (Response)[Doc. No. 14] to which Petitioner has replied (Petitioner's Reply) [Doc. No. 15]. Respondent subsequently filed a reply (Respondent's Reply) [Doc. No. 18], and Petitioner filed a "Sur-reply" [Doc. No. 22]. The case is now at issue. For the reasons set forth herein, the undersigned recommends that the petition be denied.

Background/Plaintiff's Claims

At the time Petitioner filed his petition, he was incarcerated in the Federal Correctional Institution (FCI) in El Reno, Oklahoma, serving a 72-month sentence with

---

[1]Although Respondent has styled the response as a motion to dismiss, Respondent relies on attached documents in support of his argument that the petition should be denied. Accordingly, the undersigned finds that the motion should be construed as an answer in response to this Court's order and in accordance with Rule 5 of the Rules Governing Section 2254 Cases. *See* Rule 1(b), Rules Governing Section 2254 Cases (rules may be applied to other habeas cases in court's discretion).

a three-year term of supervised release imposed on June 24, 2002, following his conviction upon his plea of guilty to bank robbery in United States District Court for the Northern District of Illinois. Response, Exhibit (Ex.) 3. Petitioner's projected release date is January 3, 2007, via good conduct time sentence credit. Response, Ex. 1.

The petition, filed on January 4, 2005, raises a single claim for habeas relief: "The Bureau of Prisons and the Attorney General are improperly executing the sentence imposed on me." Petition at 6. In support of this claim Petitioner asserts that although the judgment and commitment order in his criminal case specifies Petitioner "<u>shall participate in a comprehensive program of drug and alcohol education and treatment</u>[,]" Warden Peterson has failed to comply with this requirement; therefore, Petitioner claims his sentence is being improperly executed and "the conditions of [his] confinement [are] unconstitutional."[2] *Id.*

Respondent asserts that Petitioner has failed to state a claim for which relief can be granted and that the petition should be denied. Response at 6. Specifically, Respondent contends that Petitioner has no constitutional right to participate in a particular treatment program, including the Bureau of Prisons' (BOP) residential drug abuse program (RDAP),[3] or to be transferred to a particular institution in order to

---

[2]Petitioner's allegation of unconstitutional conditions of confinement because of the improper execution of his sentence is generally not an appropriate claim in an action for habeas relief. *See Thompson v. True*, No. 97-3275, 1998 WL 536383, at * 1 (10th Cir. Aug. 18, 1998)("Claims related to conditions of confinement are appropriately brought under *Bivens [v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)] or the civil rights statutes," rather than in a petition under 28 U.S.C. § 2241.) (Unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3).

[3]As part of the Violent Crime and Control Act of 1994, Congress directed the BOP to make appropriate substance abuse treatment available for each prisoner determined by BOP to have a treatable condition of substance abuse or addiction. 18 U.S.C. § 3621(b). As an incentive for prisoner participation, Congress provided: "[t]he period a prisoner convicted of a nonviolent offense remains in custody after

participate in a treatment program. Response at 3, 4. Moreover, Respondent advises that Petitioner was transferred from FCI El Reno to Federal Correctional Complex (FCC) Forrest City (Medium), Arkansas, on February 2, 2005, specifically to expedite Petitioner's participation in the RDAP and to alleviate a backlog of applicants for the program at FCI El Reno.[4]  *Id.* at 5; *see also id.*, Ex. 3 (Declaration of J. Lee Hoover). Respondent argues that this action is moot based on Petitioner's scheduled participation in the RDAP at FCC Forrest City no later than February 22, 2005. Response at 5-6.

In his reply to Respondent's response, Petitioner admits that he entered the RDAP program on February 22, 2005, in FCC Forrest City but argues that his habeas claim is not moot. Petitioner's Reply at 2, ¶ 7. Petitioner contends that if Warden Peterson had placed him in the RDAP by October 3, 2004, Petitioner would have been in a "federal halfway house on July 3, 2005." *Id.* ¶ 9. Petitioner argues that because his placement in the RDAP was delayed, he will not be eligible for placement in a halfway house for a six-month period until November 22, 2005, and thus he "will be cheated out of four (4) months and nineteen (19) days of the available early release time . . . ." *Id.*, ¶6(b).[5] As a result of this new claim based on his delayed placement in the program, Petitioner adds

---

successfully completing a [substance abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

[4]Ordinarily, an inmate must be within 36 months of release to be eligible for participation in the RDAP. *See* The Federal Bureau of Prisons, available at <http://www.bop.gov/index.jsp> (Policy/Forms) Program Statement 5330.10, Inmate Drug Abuse Programs Manual (accessed Sept. 23, 2005).

[5]Petitioner's calculations assume that he will complete all components of the RDAP and that he will be granted a one-year sentence reduction under § 3621(e)(2)(B) upon his completion of the program, notwithstanding the fact that he has been found provisionally ineligible for early release based on a determination that his crime - bank robbery - was a crime of violence. *See* Reply, Exs. 3 and 4.

a new request for relief - that the Court direct the BOP to place him in a halfway house. *Id.* at 3¶10.

Respondent asserts that Petitioner is not entitled to halfway house placement and in any event, this Court is without authority to order such relief. Respondent also contends this new claim based on a delay in RDAP placement has not been exhausted.

Analysis

Participation in the RDAP

The undersigned agrees with Respondent that Petitioner's February placement in the RDAP renders the sole claim in his petition moot.[6] *See Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998)("A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution.") (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Petitioner does not argue otherwise. Rather, in response to Respondent's mootness argument, Petitioner has asserted a new claim - that his placement in the program was delayed and such delay has violated his right to due process by negatively affecting his early release.

---

[6]Even if Petitioner's claim for RDAP placement were not moot, it would fail because he does not articulate a constitutional basis for such claim. Rather, he bases his claim on the sentencing judge's language in the judgment and commitment order ("[Petitioner] shall participate in a comprehensive program of drug and alcohol education and treatment."] which he asserts entitles him to placement in a particular program at a particular time. The law is clearly otherwise. Although the sentencing judge may make recommendations regarding a prisoner's place of confinement or placement in a type of program, such decisions are ultimately within the sole discretion of the Bureau of Prisons. *See e.g., United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995)("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons."); *United States v. Jalili*, 925 F.2d 889, 891-93 (6th Cir. 1991)(recognizing that "sentencing language designating a facility for imprisonment is considered mere surplusage"). Moreover, as discussed hereinafter, even if the petition were read to allege a due process violation, Petitioner cannot show the infringement of a protected liberty interest which is required to support a due process claim. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (finding inmate had no liberty interest in the discretionary § 3621(e)(2)(B) sentence reduction).

4

In order to support a due process claim, Petitioner must demonstrate the infringement of a protected liberty interest. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Fristoe v. Thompson,* 144 F.3d 627, 630 (10th Cir. 1998).  It is well established that "[t]he Constitution does not itself afford [a prisoner] a liberty interest in a reduced sentence.  A convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence." *Fristoe*, 144 F.3d at 630.  Additionally, "[a] statute which allows a decisionmaker to deny the requested relief within its unfettered discretion does not create a constitutionally-recognized liberty interest." *Id.*

Here, the relevant statute provides that the "period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program **may** be reduced by the Bureau of Prisons . . . ."  18 U.S.C. §3621(e)(2)(B)(emphasis added).  Thus, the statute grants broad discretion to the BOP; even if the BOP determines that an inmate is eligible for sentence reduction, the decision to grant or deny early release is still discretionary. *See Lopez v. Davis*, 531 U.S. 230, 239-41 (2001)(noting as significant Congress' use of "may" rather than "shall" in § 3621(e)).

Given the broad discretion granted the BOP in §3621, neither a delay in Petitioner's placement in the RDAP nor the denial of eligibility for the one-year reduction imposes any atypical or significant hardship on the prisoner in relation to the ordinary incidents of prison life, or threaten to lengthen his term of confinement. *Sandin v. Conner,* 515 U.S. 472, 485, 487 (1995). In addition, the Supreme Court has made it clear that inmates do not have a constitutional right to a specific educational or vocational

program in prison, or to be transferred to another institution in order to obtain immediate benefits from the drug treatment program. *See e.g., Montanye v. Haymes*, 427 U.S. 236, 243. (1976).

Thus, Petitioner has not and cannot demonstrate that he has a constitutionally-created liberty interest in participation in the RDAP, in placement in the program at any particular time, or in any related sentence reduction. *See Dozier v. Daniels*, No. 04-35910, 2005 WL 1706402 (9th Cir. July 21, 2005) (unpublished decision) (denying federal inmate's § 2241 petition alleging BOP violated his due process rights by removing him from RDAP wait list after inmate chose not to be transferred to another prison to take the program; concluding inmate had no liberty interest in the discretionary § 3621(e)(2)(B) sentence reduction). The undersigned therefore finds that Petitioner is not entitled to habeas relief based on any claim of delayed placement in a drug program.

Petitioner's Request to be Placed in a Halfway House

The undersigned agrees with Respondent that Petitioner, who has been advised that he is not provisionally eligible for early release pursuant to § 3621(e), is not entitled to placement in a community corrections center or halfway house on a certain date, and that, in any event, the Attorney General has sole authority to designate an inmate's place of incarceration. Respondent's Reply at 4.[7]

---

[7]Respondent also asserts that any claim regarding Petitioner's eligibility for early release consideration and halfway house placement should be dismissed as unexhausted. Respondent's Reply at 2. Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, the law in this Circuit generally requires an inmate to exhaust BOP's administrative remedies before seeking federal habeas relief. *See, e.g., Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *Holman v. Booker*, No. 98-3124 1998 WL 864018 (10th Cir. Dec. 14, 1998). In this case, the issues presented for determination are legal and do not depend on the resolution of factual matters through the development of a more extensive administrative record. Notwithstanding Petitioner's apparent failure to fully exhaust his administrative remedies with respect to his request for halfway house placement, the undersigned finds that to the extent this request is

Federal law gives the BOP the responsibility to determine the place of a convicted person's imprisonment. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). *See Moresco v. United States*, No. 9201108, 1992 WL 372399 (10th Cir. Dec. 10, 1992);[8] *United States v. Serafini*, 233 F.3d 758, 778 n.23 (3d Cir. Nov. 28, 2000) (finding that "the power to determine the location of imprisonment rests with the Bureau of Prisons," and that "a district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence[.]"). A corollary is that the BOP enjoys discretion regarding when to place a prisoner in community confinement or a halfway house. 18 U.S.C. § 3624(c) states in pertinent part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re- entry into the community.

18 U.S.C. § 3624(c). In *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir. 1992),

---

considered by this Court, it is appropriate to deny such claim on the merits, just as it is appropriate to do so with § 2254 habeas petitions under 28 U.S.C. § 2254(b)(2). *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("because no credible federal constitutional claim is raised in [the] petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case").

[8]Mr. Moresco, a federal prisoner, asked the court to send him to a halfway house six months earlier than originally scheduled. *Moresco*, 1992 WL 372399, at *1. In affirming the district court's rejection of such request, the Tenth Circuit held that the district court had lacked authority to override the BOP's determination regarding when to place the inmate in a halfway house. The Circuit Court explained:
> The federal courts do have authority, in some instances, to specify a defendant's place of confinement as part of a sentence of supervised release. This authority is not at issue in this case, however, because the appellant is seeking to restructure his term of imprisonment, not his term of supervised release.

*Id.*, at *2 n.3.

a federal inmate sought an order requiring placement in a halfway house or community corrections center. *Prows*, 981 F.2d at 467. The district court held that Section 3624(c) does not provide federal inmates an enforceable entitlement to a particular form of pre-release custody. *Id.* at 468. On appeal, the Circuit Court upheld this decision, reasoning:

> While there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period. This omission is especially significant in light of the broad administrative discretion traditionally recognized with respect to the placement of prisoners.

*Id.* at 469-70 (citations omitted). Furthermore, the Tenth Circuit found that its interpretation leaves "intact and effective" the " broader statutory scheme concerning the [BOP's] general placement authority . . . ." *Id.* at 470. *See also Zamarripa v. Peterson*, No. 04-6145, 2004 WL 1576695 (10th Cir. July 25, 2004) (finding federal inmate had no right to placement in any particular type of pre-release program and thus BOP's failure to transfer him to a halfway house or home confinement for the last six months of his term of incarceration did not violate the Constitution, laws, or treaties of the United States).

Accordingly, Petitioner is not entitled to habeas relief in the form of an order for placement in a halfway house, and such request should be denied.[9]

---

[9]The undersigned finds that the instant petition does not challenge the BOP's determination that Petitioner is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Moreover, there is no evidence that Petitioner has exhausted his administrative remedies with respect to any claim regarding his eligibility for a sentence reduction. *See* 28 C.F.R. §§ 542.10-542.16. In any event, such challenge to the BOP's determination regarding his eligibility for early release under § 3621(e)(2)(B) must be brought as a separate habeas action pursuant to § 2241 in the district court where Petitioner is currently confined, after the exhaustion of his administrative remedies.

**RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that the petition for a writ of habeas corpus be denied. It is further recommended that Petitioner's request for placement in a halfway house be denied. In light of the recommendations made herein, it is further recommended that Petitioner's "Motion for Judgment on the Pending Pleadings" [Doc. No. 23] be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation by the 19th day of October, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Any objection must be filed with the Clerk of the District Court. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 29th day of September, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE